Claude T. HOFFMAN, Petitioner–Appellant,

v.

Kurt JONES, Warden; Michigan Attorney General, Respondents–Appellees.

No. 01–2141.

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2002.

Before MARTIN, Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

Claude T. Hoffman, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 17, 1995, Hoffman pled nolo contendere to the charge of attempted false pretenses with intent to defraud over $100 and guilty to the charge of possession of less than twenty-five grams of cocaine. Hoffman was sentenced to serve six months to five years of imprisonment for false pretenses and six months to four years of imprisonment for possession of cocaine, to run concurrently. The trial court denied Hoffman's subsequent motion to withdraw his nolo contendere and guilty pleas. On June 2, 1998, the Michigan Court of Appeals affirmed Hoffman's convictions. The Michigan Supreme Court denied Hoffman's delayed application for leave to appeal on February 25, 1999. Hoffman did not pursue post-conviction relief.

On June 21, 1999, Hoffman filed the instant petition for a writ of habeas corpus, in which he asserted the following two grounds for relief: 1) the trial court's denial of his motion to withdraw his nolo contendere and guilty pleas constituted an abuse of discretion and violated his due process rights; and 2) his nolo contendere and guilty pleas were not voluntary, knowing, and intelligent because he was under

the influence of prescription medication when he entered them. The district court denied Hoffman's habeas corpus petition. The district court subsequently granted Hoffman's request for a certificate of appealability as to the second ground for relief. Hoffman filed a timely appeal. On March 11, 2002, this court denied a certificate of appealability as to the remaining issue not certified by the district court. The case has now been fully briefed.

When reviewing a district court's disposition of a habeas corpus petition, we review the district court's legal conclusions de novo and its factual findings for clear error. *Vincent v. Jones*, 292 F.3d 506, 510 (6th Cir.2002). Pursuant to the Antiterrorism and Effective Death Penalty Act, a writ of habeas corpus will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in an unreasonable application of federal law or an unreasonable determination of facts based upon the evidence presented to the state courts. 28 U.S.C. § 2254(d)(1) and (2); *Vincent*, 292 F.3d at 510. A federal court may not find a state adjudication to be unreasonable unless "the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Instead, it is only when the state court's decision is "objectively unreasonable" that a writ of habeas corpus should be issued. *Id.* at 409. Furthermore, factual findings made by a state court are presumed correct in the absence

of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

A guilty plea is valid if it is entered voluntarily, knowingly, and intelligently. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The propriety of a guilty plea is assessed by reviewing the totality of the circumstances surrounding the plea. *Brady*, 397 U.S. at 748–49.

Upon review, we conclude that the record indicates that Hoffman's nolo contendere and guilty pleas were knowing, voluntary, and intelligent under the totality of the circumstances. Thus, Hoffman failed to demonstrate that the decisions of the Michigan state courts rejecting his claim are objectively unreasonable so as to constitute an unreasonable application of federal law. *See Brady*, 397 U.S. at 748–49; *Boykin*, 395 U.S. at 242–44.

Accordingly, the district court's judgment denying Hoffman's petition for a writ of habeas corpus is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.